**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DON B. LANE, *also known as*
*Donald B. Lane, Jr.*,

                              Plaintiff,

    - v -                                      Civ. No. 9:18-CV-438
                                                          (LEK/DJS)

ADAM TILBE & MICHAEL KIRKPATRICK,

                              Defendants.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

DON B. LANE
Plaintiff, *Pro Se*
Riverside Motel
Room #4
PO Box 22
Fultonville, NY 12072

BARBARA D. UNDERWOOD                    HELENA LYNCH, ESQ.
New York State Attorney General
Attorney for Defendant Kirkpatrick
The Capitol
Albany, NY 12224

JOHNSON & LAWS, LLC                            COREY A. RUGGIERO, ESQ.
Attorneys for Defendant Tilbe
647 Plank Road, Suite 204
P.O. Box 270
Clifton Park, NY 12065

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I.  BACKGROUND

    Plaintiff filed a Complaint in this matter on April 11, 2018 pursuant to 42 U.S.C. § 1983, alleging that he was confined in the custody of New York State Department of Corrections and

Community Supervision ("DOCCS") past his maximum expiration date. Dkt. No. 1, Compl., p. 4.[1] The Complaint alleges January 19, 2017 was that maximum expiration date, for a sentence that he had been serving at Otsego County Jail ("Otsego"). *Id.* On that day, he was brought to the booking area and told by Defendant Tilbe, a Lieutenant and Otsego's Jail Administrator, that he was to be transferred to Elmira Correctional Facility ("Elmira"). *Id.* at pp. 2 &4. Plaintiff explained to him that he was supposed to be released that day, but Defendant Tilbe told Plaintiff there was nothing he could do about it. *Id.* at p. 4. Plaintiff was then transferred to Elmira, where he was detained for twelve more days. During those twelve days, Plaintiff wrote to Defendant Kirkpatrick, Elmira's Superintendent, numerous times, requesting to be released, and never received a response. *Id.* at pp. 2 & 4.

On initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court identified Plaintiff's Complaint as asserting a Fourteenth Amendment due process claim and an Eighth Amendment cruel and unusual punishment claim. Dkt. No. 4, at p. 5. The Court found that Plaintiff's claims survived *sua sponte* review and required a response. Dkt. No. 4.

## II. DEFENDANTS' MOTIONS TO DISMISS

On July 9, 2018, Defendant Kirkpatrick filed a Motion to Dismiss, asserting that Plaintiff failed to state a claim on which relief may be granted, and that Defendant Kirkpatrick is entitled to qualified immunity on Plaintiff's claims against him. Dkt. No. 16. In response, Plaintiff submitted

---

[1] Citations to the Complaint will be to the pagination assigned by the Court's CM/ECF system, as the Complaint is not paginated sequentially throughout.

a letter to the Court advising that he would not be responding to the Motion.[2]  Dkt. No. 20. Defendant Kirkpatrick filed a reply in further support of his Motion.  Dkt. No. 26.

On July 31, 2018, Defendant Tilbe filed a Motion to Dismiss pursuant to Rule 12(c).  Dkt. No. 23.  Plaintiff opposed the Motion, Dkt. No. 29, Pl.'s Opp., and Defendant Tilbe submitted a reply in further support of his Motion, Dkt. No. 31, Def. Tilbe's Reply.

### A. Standard

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *See Retail Clerks Int'l Ass'n, Local 1625,*

---

[2] Notwithstanding Plaintiff's failure to submit an opposition to the Motion, the Court will not consider the Motion defaulted upon, and will still consider the merits of the Motion.  As the Second Circuit has described,

> [W]ith respect to a motion pursuant to Fed.R.Civ.P. 12(c) to dismiss an action on the basis of the pleadings, [ ] "[w]here ... the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint." *Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir.1983).  The same principle is applicable to a motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss an action on the basis of the complaint alone.  Such motions assume the truth of a pleading's factual allegations and test only its legal sufficiency. *See, e.g., De Jesus v. Sears, Roebuck & Co., Inc.* 87 F.3d 65, 69 (2d Cir.1996).  Thus . . . the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.  If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.

*McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

*AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Where, as here, the complaint was filed *pro se*, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Nonetheless, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)).

As to Defendant Tilbe's 12(c) motion, "[j]udgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citation omitted). In applying Rule 12(c), a court must utilize the same standard as that applicable to a motion under Rule 12(b)(6). *The Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Thus, the standard recited above applies to Defendant Tilbe's Motion as well.

### B. Plaintiff's Eighth Amendment Claims

Defendants Kirkpatrick and Tilbe contend that Plaintiff has failed to state a claim for an Eighth Amendment violation because he failed to allege a sufficiently serious injury.[3] Dkt. No. 16-

---

[3] Defendant Tilbe also contends that Plaintiff's maximum expiration date was actually January 21, 2017, and that he was therefore transferred from Otsego to Elmira prior to his expiration date. Dkt. No. 23-1, Def. Tilbe's Mem. of Law, pp. 2-3. In making this allegation, Defendant Tilbe references a number of documents, including warrants, a
(continued...)

1, Def. Kirkpatrick's Mem. of Law, pp. 3-6; Dkt. No. 23-1, Def. Tilbe's Mem. of Law, pp. 9-10. "To prevail on an Eighth Amendment claim, an inmate must first show that his injury is objectively a "sufficiently serious" one.'" *Hayes v. Annucci*, 2016 WL 1746109 (S.D.N.Y. Apr. 29, 2016) (citations omitted). Defendants contend that, as a matter of law, Plaintiff's unauthorized confinement for twelve days falls well short of a sufficiently serious injury to implicate Eighth Amendment concerns. *Id.* Defendant Kirkpatrick cites to a number of decisions from district courts within the Second Circuit holding that detentions of "several days," seventeen days, and twenty-one days beyond sentence expiration were not sufficiently serious. *Id.* at p. 4 (citing *Moore v. Newton*, 220 F. Supp.3d 275 (E.D.N.Y. 2016); *Hayes v. Annucci*, 2016 WL 1746109; *Brunson v. Duffy*, 14 F. Supp.3d 287 (S.D.N.Y. Mar. 31, 2014)). However, "this is not a settled issue." *Akande v. United States Marshals Serv.*, 659 Fed. Appx. 681, 684 (2d Cir. 2016) (describing that, while a five day delay in release did not violate the Eighth Amendment, and a nine-month delay did violate the Eighth Amendment, a thirty-four day delay "falls somewhere between these two poles."). As such, the Court does not agree that it is settled in the Second Circuit that detaining an individual for twelve days past his maximum expiration date does not violate the Eighth Amendment as a matter of law, and the Court declines to make a determination that an unauthorized confinement of twelve days is nonviolative as a matter of law.

---

[3](...continued)
court order, and various certificates and forms. *Id.* These documents are not attached to the Complaint, nor are they included in Defendant Tilbe's Motion, and no argument has been made as to why these facts should be considered by the Court on a motion for judgment on the pleadings, which is "a declaration that the plaintiff's complaint and incorporated materials are insufficient as a matter of law to support a claim upon which relief may be granted." *Halebian v. Berv*, 644 F.3d 122, 130-31 (2d Cir. 2011). Indeed, Defendant Tilbe makes no suggestion that the Court should take judicial notice of the documents or where such documents may be accessed. The Court will presume, as is alleged in the Complaint, that Plaintiff's maximum expiration date was January 19, 2017. *See Cruz v. Beto,* 405 U.S. at 322.

However, because the law is presently unsettled regarding at what point such an unauthorized detention may support an Eighth Amendment violation, Defendants are entitled to qualified immunity. "Under [Supreme Court] precedents, officers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howard*, 566 U.S. 658, 664 (2012)). To be "clearly established," "existing law must have placed the constitutionality of the officer's conduct 'beyond debate.'" *Ashcroft v. al-Kidd*, 536 U.S. 731, 741 (2011). Indeed, the "legal principle must have a sufficiently clear foundation in then-existing precedent." *Dist. of Columbia v. Wesby*, 138 S. Ct. at 590. "The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. . . . This requires a high 'degree of specificity.'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001) & *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015)).

As described above, the Second Circuit has held that five days of prolonged imprisonment does not violate the Eighth Amendment, *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 653-54 (2d Cir. 1993), but has noted that a period of thirty-four days may be sufficient, *Akande v. United States Marshals Serv.*, 659 Fed. Appx. at 683. Thus, it is unsettled whether twelve days of prolonged imprisonment may constitute a sufficiently serious injury to implicate the Eighth Amendment.

Because of this lack of clarity, "[a]ssuming that at some point during this period of time the length of plaintiff's continued confinement did become sufficiently serious to violate the Eighth Amendment, it would not have been clear . . . that the constitutional limit had been exceeded."

*Akande v. U.S. Marshals Service*, 2018 WL 1383397, at *8 (D. Conn. Mar. 19, 2018). Thus, assuming that Defendants did violate Plaintiff's Eighth Amendment rights, the unlawfulness of the detention was not clearly established. *Dist. of Columbia v. Wesby*, 138 S. Ct. at 589. As such, Defendants are entitled to qualified immunity and the Court recommends that Plaintiff's Eighth Amendment claims against Defendants in their individual capacities be dismissed on that ground.

### C. Plaintiff's Fourteenth Amendment Claims

In order to state a claim under 42 U.S.C. § 1983 for a violation of the Due Process Clause of the Fourteenth Amendment, the plaintiff must allege that he or she "was deprived of life, liberty, or property without due process of law." *Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir. 1996). "[A]n inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment." *Calhoun v. New York State Div. Of Parole Officers*, 999 F.2d 647 at 653. Defendants do not contest this fact. Def. Kirkpatrick's Mem. of Law at p. 6.[4] Thus, the first requirement of a Due Process claim has been satisfied.

Next, the Court must determine whether Plaintiff has properly alleged that the deprivation occurred without due process of law. *See Calhoun v. New York State Div. of Parole Officers*, 999 F.2d at 653. Defendants contend that there could not have been a due process violation because Plaintiff had an adequate state law remedy available to him. Def. Kirkpatrick's Mem. of Law at pp. 6-8; Def. Tilbe's Mem. of Law at p. 11. When the State provides an adequate post-deprivation remedy, there is no violation of the Due Process Clause. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 531 & 533 (1984)). However, "the Supreme Court has distinguished between (a) claims based on

---

[4] Defendant Tilbe adopts the arguments made by Defendant Kirkpatrick. Def. Tilbe's Mem. of Law at p. 10.

established state procedures and (b) claims based on random, unauthorized acts by state employees." *Id.* (citing *Hudson v. Palmer*, 468 U.S. at 532). When the claims are based on random, unauthorized acts, the availability of post-deprivation remedies satisfies due process; however, when they are based on established state procedures, "the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Id.* (citing *Hudson v. Palmer*, 468 U.S. at 532 & *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)). "The rationale for this principle is plain: because the challenged misconduct is random and unauthorized, it is impossible for the government to anticipate and prevent the wrongful loss of liberty or property in advance, and it has no realistic alternative other than to adopt remedies capable of righting the wrong after the deprivation." *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001).

"[T]he 'random and unauthorized' exception to the requirement of a pre-deprivation hearing does not apply where the government actor in question is a high-ranking official with 'final authority over significant matters.'" *DiBlasio v. Novello*, 344 F.3d 292, 302-03 (2d Cir. 2003) (quoting *Burtnieks v. City of New York*, 716 F.2d 982, 988 (2d Cir. 1983)). This is because "'the state acts through its high-level officials.'" *Francis v. Fiacco*, 2018 WL 1384499, at *7 (N.D.N.Y. Mar. 16, 2018) (quoting *Burtnieks v. City of New York*, 716 F.2d at 988). "[W]hen the deprivation occurs in the more structured environment of established state procedures, rather than random acts," the availability of post-deprivation procedures does not necessarily satisfy due process. *Id.* (citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d at 880).

Defendant Kirkpatrick's only argument regarding Plaintiff's Due Process claim is that there was no due process violation because Plaintiff's prolonged incarceration can only be viewed as the result of a random, unauthorized act. Def. Kirkpatrick's Mem. of Law at pp. 6-8. The Complaint

alleges that Defendant Kirkpatrick was the Superintendent of Elmira Correctional Facility. Compl. at p. 2. Therefore, Defendant Kirkpatrick may be a "high-ranking official with final authority over significant matters," and the exception therefore may not apply to him. *See Hill v. Curcione*, 657 F.3d at 122 (describing that a *pro se* complaint must be construed liberally, with special solicitude); *Francis v. Fiacco*, 2018 WL 1384499, at *7. Similarly, the "random, unauthorized" exception may not apply to Defendant Tilbe, who is the Jail Administrator of Otsego, and therefore may be a "high-ranking official with 'final authority over significant matters.'" *DiBlasio v. Novello*, 344 F.3d at 302-03 (quoting *Burtnieks v. City of New York*, 716 F.2d at 988); *Hill v. Curcione*, 657 F.3d at 122. Accordingly, the Court cannot determine whether the availability of postdeprivation procedures satisfies due process. *See Diaz v. Pelo*, 2017 WL 1380756, at *6-7 (N.D.N.Y. Mar. 24, 2017), *report and recommendation adopted*, 2017 WL 1379375 (N.D.N.Y. Apr. 17, 2017) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d at 880). As such, at this point in the proceedings, the Court cannot say that the availability of a post-deprivation remedy satisfies due process.

Defendants also contend that they are entitled to qualified immunity on this claim because they could not have reasonably understood the confinement to give rise to a due process violation given the availability of state remedies. Def. Kirkpatrick's Mem. of Law at p. 10. The Court rejects this contention at this stage as well because it is clearly established that "the exception to the requirement of a post-deprivation hearing does not apply where the governmental actor in question is a high-ranking official with final authority over significant matters." *DiBlasio v. Novello*, 344 F.3d at 302.

In addition, Defendant Tilbe contends that Plaintiff fails to allege that Defendant Tilbe violated any clearly established law in this Circuit, and he is therefore entitled to qualified immunity. Def. Tilbe's Mem. of Law at p. 9. Plaintiff clearly had a liberty interest in being released upon the expiration of his sentence. *Calhoun v. New York State Div. Of Parole Officers*, 999 F.2d 647 at 653. As discussed above, the availability of a post-deprivation remedy does not necessarily satisfy due process here because Defendant Tilbe may be a high-ranking official. *DiBlasio v. Novello*, 344 F.3d at 302. As such, Defendant Tilbe's contention that Plaintiff failed to allege that Defendant violated any clearly established law fails. The Court recommends denying Defendants' Motions as to Plaintiff's Fourteenth Amendment claims against Defendants in their individual capacities.

### D. Plaintiff's Claims Against Defendants in Their Official Capacities

Plaintiff also asserts his claims against Defendant Tilbe in his "official capacity."[5] Such claims are subject to dismissal because Plaintiff fails to allege that Defendant Tilbe violated Plaintiff's rights as the result of a municipal "policy or custom." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004). "To plead a *Monell* claim, a plaintiff must allege the existence of a formal policy which is officially endorsed by the municipality, or a practice so persistent and widespread that it constitutes a custom or usage of which supervisory authorities must have been aware, or that a municipal custom, policy, or usage can be inferred from evidence of deliberate indifference of

---

[5] In Defendant Tilbe's Motion, he notes that it is unclear from Plaintiff's Complaint whether he intended to assert a claim against Defendant Tilbe in his official capacity, and thus assumed that Plaintiff was advancing a claim against Defendant Tilbe in both his individual and official capacities. *See* Def. Tilbe's Mem. of Law at p. 1, n. 1, & *generally*. In his opposition, Plaintiff wrote that "[c]learly the complaint is asserting a claim against Adam Tilbe in his 'official capacity.'" Pl.'s Opp. at ¶ 1. In his reply brief, Defendant Tilbe asserts that Plaintiff is only suing Otsego County, and not Defendant Tilbe, based on his statement in his opposition. Def. Tilbe's Reply at p. 1, n.1, & *throughout*. However, Plaintiff never stated that he was only suing Otsego County. The Court will analyze Plaintiff's claims as against Defendant Tilbe in both his individual and official capacities.

supervisory officials to such abuses." *Iacovangelo v. Corr. Med. Care, Inc.*, 624 Fed. Appx. 10, 13 (2d Cir. 2015). Plaintiff has made no such allegations here that would sufficiently plead a *Monell* claim. As in *Iacovangelo*, "[f]irst, no formal policy" to confine prisoners past their maximum expiration date has been pled. *Id.* at *14. "[S]econd, 'a sufficiently widespread practice . . . to support reasonably the conclusion'" that confining prisoners past their maximum expiration date "'was the custom . . . and that supervisory personnel must have been aware of it' has not been shown." *Id.* (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 80-81 (2d Cir. 2012)). "Third, 'a showing of deliberate indifference on the part of supervisory personnel'" regarding the timely release of prisoners "has not been plausibly pleaded, as nothing in the complaint plausibly alleges knowledge of this matter on the part of any supervisory personnel" at Otsego. *Id.* (citing *Jones v. Town of East Haven*, 691 F.3d at 81-82). The Court therefore recommends dismissing Plaintiff's claims against Defendant Tilbe in his official capacity.

To the extent that Plaintiff asserts a claim against Defendant Kirkpatrick in his official capacity,[6] because he is a State official, the Eleventh Amendment bars a damages action against him in his official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. . . . This bar remains in effect when State officials are sued for damages in their official capacity.") (internal citation omitted). Plaintiff only seeks monetary damages; as such, the

---

[6] The Second Circuit has advised that "a plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other." *Schultz v. Egan*, 103 Fed. Appx. 437, 442 (2d Cir. 2004) (quoting *Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir. 1993)). Here, Plaintiff lists Defendants' positions within DOCCS; therefore, it is not clear that he only intended to sue them in their individual capacities. *See id.* ("[Plaintiff]'s complaint named Elaine Egan, 'Deputy Sheriff,' and Roy Shipman, 'Corrections Counselor,' and did not specify whether the suit was against the defendants in their official capacities, their individual capacities, or both."). As such, the Court will construe the Complaint as also containing claims against Defendant Kirkpatrick in his official capacity.

Court recommends that any claims against Defendant Kirkpatrick in his official capacity be dismissed.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant Kirkpatrick's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**; and it is further

**RECOMMENDED**, that Plaintiff's Eighth Amendment claim against Defendant Kirkpatrick be **DISMISSED**; and it is further

**RECOMMENDED**, that Plaintiff's Fourteenth Amendment claim against Defendant Kirkpatrick in his official capacity be **DISMISSED**; and it is further

**RECOMMENDED**, that Plaintiff's Fourteenth Amendment claim against Defendant Kirkpatrick in his individual capacity be permitted to proceed; and it is further

**RECOMMENDED**, that Defendant Tilbe's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**; and it is further

**RECOMMENDED**, that Plaintiff's Eighth Amendment claim against Defendant Tilbe be **DISMISSED**; and it is further

**RECOMMENDED**, that Plaintiff's Fourteenth Amendment claim against Defendant Tilbe in his official capacity be **DISMISSED**; and it is further

**RECOMMENDED**, that Plaintiff's Fourteenth Amendment claim against Defendant Tilbe in his individual capacity be permitted to proceed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[7] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   October 29, 2018
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).