UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DON B. LANE,

                Plaintiff,

-against-                              9:18-CV-0438 (LEK/DJS)

ADAM TILBE, *et al.*,

                Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on October 29, 2018, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 36 ("Report-Recommendation").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of

N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. BACKGROUND

Plaintiff alleges that he was confined in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") after his sentence expired on January 19, 2017. Dkt. No. 1 ("Complaint") at 4. On that day, he was brought to the booking area at Otsego County Jail, where he had been serving his sentence, and was told by defendant Adam Tilbe, a lieutenant and Otsego's Jail Administrator, that he was to be transferred to Elmira Correctional Facility. Id. at 2, 4. Plaintiff explained to Tilbe that he was to be released that day, but Tilbe told Plaintiff there was "nothing he could do about it." Id. at 4. Plaintiff was then transferred to Elmira, where he was detained for twelve more days. During those twelve days, Plaintiff wrote to defendant Michael Kirkpatrick, Elmira's Superintendent, "[n]umerous times," requesting to be released. Id. He never received a response. Id.

In this § 1983 action, Plaintiff has brought Eighth and Fourteenth Amendment claims against Kirkpatrick and Tilbe for this wrongful incarceration. Kirkpatrick and Tilbe have each filed motions to dismiss. Dkt. No. 16 ("Kirkpatrick Motion to Dismiss"), 23 ("Tilbe Motion to Dismiss").

2

The Magistrate Judge recommends dismissing the Eighth Amendment claim on qualified immunity grounds, Rep. at 5–8, but permitting the Fourteenth Amendment claim to proceed, on the basis that Plaintiff had a clearly established liberty interest in being released upon the expiration of his maximum term of sentence, and was deprived of that interest without due process of law, Id. at 8–11.

## IV.  DISCUSSION

Tilbe has timely filed objections to the Report-Recommendation, specific to the surviving Fourteenth Amendment Due Process claim against him. Dkt. Nos. 37 ("Objection"), 42 ("Supplemental Objection"), 42-1 ("Exhibit").

Tilbe raises two objections: (1) Plaintiff's Parole Revocation Certification makes clear that Plaintiff's maximum expiration date was not January 19, but instead January 21, 2017, after his release from Otsego and after Tilbe's alleged involvement concluded, Supp. Obj. at 1–2, Ex. at 2–3; and (2) even accepting that Plaintiff's sentence expired on January 19, 2017, Plaintiff alleges that he was released by Tilbe from Otsego on that date, and so Tilbe cannot have violated the Due Process Clause, Obj. at 1–2.

### A. Parole Revocation Certification

Tilbe notes that in Plaintiff's memorandum in opposition to to the Tilbe Motion to Dismiss, Plaintiff alleged that "Plaintiff was held in the Otsego County Jail on nothing more than a parole warrant." Supp. Obj. at 2; Dkt. No. 29 ("Opposition") at 1. Tilbe asks the Court to consider the Parole Revocation Certification in deciding the motion to dismiss. Supp. Obj. at 2. In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court may consider the following matters outside the four corners of the complaint:

> (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.

Monreal v. New York, No. 11-CV-75, 2012 WL 2571256, at *4 (N.D.N.Y. July 2, 2012), aff'd, 518 F. App'x 11 (2d Cir. 2013). Tilbe argues that the Court should consider the Certification at this motion to dismiss stage, because Plaintiff's reference to the "parole warrant" in Plaintiff's Opposition "effectively" amends Plaintiff's Complaint, and incorporates the Parole Revocation Certification by reference. Supp. Obj. at 2. In the alternative, Tilbe contends that the Court should consider Certification because it is "integral" to Plaintiff's complaint. Id.

### 1. Incorporation by Reference

In support of his amendment incorporation arguments, Tilbe quotes Monreal's guidance that "a pro se plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint—to the extent those papers are *consistent* with the allegations in the complaint." Supp. Obj. at 2; Monreal, 2012 WL 2571256, at *4 (emphasis added). The requirement of consistency aligns with courts' general obligation to construe pro se litigants' submissions "liberally," and to interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Here, even if the Certification had actually been attached to the Opposition (instead of merely referenced as a "parole warrant," Opp. at 1), the January 21 maximum expiration date in the Certification is not consistent with the Complaint's allegation of a January 19 maximum

expiration date. Accordingly, Plaintiff did not amend the Complaint to incorporate the Certification by reference, and the Court cannot take notice of the Certification on that basis.

### 2. Integral to the Complaint

As to whether the Certification is "integral" to the Complaint, a "necessary prerequisite for that exception is that the 'plaintiff[ ] rel[y] on the terms and effect of [the] document in drafting the complaint . . . ; mere notice or possession is not enough.'" Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156–57 (2d Cir. 2006) quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). A court may consider extrinsic documents where the complaint "relies heavily upon its terms and effect." Id. at 153 n.3. "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." Glob. Network, 458 F.3d at 157.

However, even where extrinsic materials are considered integral to the complaint, "[i]f there is a dispute as to the relevance, authenticity or accuracy of the documents relied upon, the district court may not dismiss the complaint with those materials in mind." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 231 (2d Cir. 2016). "This principle is driven by a concern that a plaintiff may lack notice that the material will be considered to resolve factual matters." Id.

Here, Plaintiff disputes the accuracy of the Certification, arguing that "Plaintiff's maximum expiration date was on January 19, 2017[,] [n]ot on January 21, 2017." Opp. at 1–2. Plaintiff states that other DOCCS records substantiate a January 19, 2017 expiration date. Id.

5

Given this dispute over the accuracy of the Certification, the Court cannot consider the Certification at this motion to dismiss stage.

### B. January 19, 2017 Release from Otsego

Tilbe argues that, even accepting a maximum expiration date of January 19, 2017, it is undisputed that Tilbe released Plaintiff from Otsego Correctional Facility (albeit to DOCCS) on that maximum expiration date, and so Tilbe cannot be held to have violated the Due Process Clause. Obj. at 1–2. However, on January 19, 2017, Tilbe did not release Plaintiff from incarceration; rather, he released Plaintiff to the custody of DOCCS to be transferred to Elmira Correctional Facility. Compl. at 4–5.

Personal involvement of a supervisory official may be shown by evidence that

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Even assuming that Tilbe did not participate directly in the Due Process violation, a liberal construction of the Complaint indicates that Tilbe was personally involved by way of his deliberate indifference. Plaintiff told Tilbe his sentence expired on January 19. Tilbe knew, it can be inferred, that transferring Plaintiff would cause him to be incarcerated for at least some period beyond his expiration date. In addition, it is plausible that Tilbe, as a jail administrator, was in a

6

position to act to stop the transfer, but refused to do so. See Todd v. Hatin, No. 13–CV–5, 2013 WL 3990815, at *5 (D. Vt. Aug. 5, 2013) (finding that plaintiff stated a § 1983 claim where he alleged that prison officials "kn[ew] about his unwarranted imprisonment" and that there was a "connection between the [d]efendants' inactions or ineffectual actions and the time that [the plaintiff] was wrongfully incarcerated"); see also Beahm v. Burke, 982 F. Supp. 2d 451, 461 (E.D. Pa. 2013) ("[I]n order to obtain relief for continued detention under § 1983, a prisoner must show that a prison official was aware of his overstay and was deliberately indifferent in rectifying the problem"). Tilbe's Objection is therefore rejected.

### C. Additional Review

As to all other portions of the Report-Recommendation, to which there have been no objections, the Court has reviewed the Report-Recommendation for clear error and found none.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 36) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Kirpatrick Motion to Dismiss (Dkt. No. 16) is **GRANTED in part and DENIED in part**, and it is further:

**ORDERED**, that Plaintiff's Eighth Amendment claim against Kirkpatrick, as well as Plaintiff's Fourteenth Amendment claim against Kirkpatrick in his official capacity, are **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's Fourteenth Amendment claim against Kirkpatrick in his individual capacity is **permitted to proceed**; and it is further

**ORDERED**, that the Tilbe Motion to Dismiss (Dkt. No. 23) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED**, that Plaintiff's Eighth Amendment claim against Tilbe, as well as Plaintiff's Fourteenth Amendment claim against Tilbe in his official capacity, are **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's Fourteenth Amendment claim against Tilbe in his official capacity is **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's Fourteenth Amendment claim against Tilbe in his individual capacity is **permitted to proceed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: December 03, 2018
Albany, New York

Lawrence E. Kahn
U.S. District Judge