**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DON B. LANE, *also known as*
*Donald B. Lane, Jr.*,

                              Plaintiff,

        - v -                                         Civ. No. 9:18-CV-438
                                                        (LEK/DJS)

ADAM TILBE & MICHAEL KIRKPATRICK,

                              Defendants.

**APPEARANCES:**                                 **OF COUNSEL:**

DON B. LANE
Plaintiff, *Pro Se*
Riverside Motel
Room #4
PO Box 22
Fultonville, NY 12072

HON. LETITIA JAMES                         HELENA LYNCH, ESQ.
New York State Attorney General
Attorney for Defendant Kirkpatrick
The Capitol
Albany, NY 12224

JOHNSON & LAWS, LLC                    COREY A. RUGGIERO, ESQ.
Attorneys for Defendant Tilbe
647 Plank Road, Suite 204
P.O. Box 270
Clifton Park, NY 12065

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

*Pro se* Plaintiff Don Lane brought this action, pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights. Dkt. No. 1, Compl. Defendants moved to dismiss the Complaint, Dkt. Nos. 16 & 23, and the undersigned issued a Report-Recommendation recommending that the Motions be granted in part and denied in part. Dkt. No. 36. That Report-Recommendation was subsequently adopted. Dkt. No. 44. Both of those decisions, as well as, several other filings in this case have been returned to the Court as undeliverable to Plaintiff's address on record with the Court. Dkt Nos. 35, 39, 45, & 47. This Court then issued an Order directing Plaintiff to provide a current address to the Court and counsel for Defendants. Dkt. No. 50. That Order was also returned as undeliverable. Dkt. Nos. 51 & 52. Counsel for Defendant Tilbe has requested a conference to address Plaintiff's failure to provide a current address. Dkt. No. 53.[1]

As the Court's prior Order outlined, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)). "For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes." *Payne v. Coburn*, 2018 WL 3349234, at *1 (N.D.N.Y. July 9, 2018) (citing cases). A party's failure to provide such information is grounds for dismissal.

---

[1] In light of the disposition recommended here, the request for a conference is denied without prejudice. Additionally, all deadlines in this matter are stayed pending resolution of this recommendation.

N.D.N.Y.L.R. 41.2(b); *Conklin v. Bowen*, 2018 WL 1737777, at *2 (N.D.N.Y. Apr. 10, 2018).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Court last received any communication from Plaintiff in July 2018. Dkt. No. 20. Since August 2018, mail sent to Plaintiff at his address on file with the Clerk of the Court has been consistently returned as undeliverable. The Court's most recent Order directing that Plaintiff provide a current address was returned as undeliverable. Dkt. Nos. 50-52. Under the circumstances this was appropriate notice to Plaintiff and any attempt to provide further notice would be futile given that the lack of a current address leaves the Court without means to effectively communicate with Plaintiff. Plaintiff's failure to provide an updated address evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address weighs in favor of dismissal. Any further warnings to Plaintiff would naturally fall on deaf ears as the Court has no way of contacting him. The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for

him to comply with his obligations is not likely to be fruitful since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, I recommend that this action be dismissed for failure to prosecute.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the case be **DISMISSED** without prejudice under FED. R. CIV. P. 41(b); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.  The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**(14) DAYS**[2] **WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 25, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).